# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DONALD R. BOND,**

               **Plaintiff,**

**v.**                                               **Case No:   6:15-cv-333-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

               **Defendant.**

---

# MEMORANDUM OF DECISION

Donald R. Bond (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for disability insurance benefits and supplemental security income, in which he alleged a disability onset date of December 1, 2009.   Doc. No. 1; R. 194-95, 232-41.   Claimant argues the Administrative Law Judge (the "ALJ") erred by finding: 1) his work as an officer manager qualifies as past relevant work; and 2) he could perform other work in the national economy.   Doc. No. 21 at 4-5, 8-10, 12-14, 16-18, 20-21.   Claimant argues the matter should be reversed for an award of benefits or, in the alternative, remanded for further proceedings.   *Id*. at 24.   For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

## I.   STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v. Chater*, 67

F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).   Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.   *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.   *Foote*, 67 F.3d at 1560.   The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"   *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   ANALYSIS.

### A.  Past Relevant Work.

At step four of the sequential evaluation process, the ALJ found Claimant worked as an office manager at a regional United States Census Bureau (the "Census Bureau") office.   R. 41. The ALJ found Claimant's work as an office manager qualifies as past relevant work, and determined he remains capable of performing that job as he actually performed it and as it is generally performed in the national economy.   *Id.*   Claimant maintains he did not perform work as an office manager long enough to learn the job, thus it does not qualify as past relevant work. Doc. No. 21 at 4.   Accordingly, Claimant argues the ALJ erred in determining he could perform any of his past relevant work.   *Id.* at 5.   The Commissioner maintains the record contains substantial evidence demonstrating Claimant's work as an office manager qualifies as past relevant work.   *Id.* at 5-8.   Accordingly, the Commissioner argues the ALJ did not err in determining that

job qualifies as past relevant work.   *Id*.

At step four of the sequential evaluation process, the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his or her past relevant work.   20 C.F.R. §§ 404.1520(f), 416.920(f).[1]   A claimant's past relevant work is work that was: 1) performed within the last fifteen (15) years; 2) performed at the level of substantial gainful activity; and 3) lasted long enough for the claimant to learn how to perform the work.   20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).   The "claimant has the burden of showing that certain work experience is not past relevant work."   *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991).   If the claimant is capable of performing his or her past relevant work, the claimant is not disabled.   20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3).   However, if the claimant is incapable of performing his or her past relevant work, then the ALJ must proceed to step five of the sequential evaluation process.   20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The record reveals Claimant obtained a bachelor's degree in business administration in 1979.   R. 60, 285.   On February 7, 2012, Claimant completed a Work History Report.   R. 294-301.   In it, Claimant represented that his last job was with the Census Bureau.   R. 294.   Specifically, Claimant represented that he worked at the Census Bureau as a "team leader" between October of 2009 and July of 2010.   *Id*.

On October 8, 2013, the ALJ held a hearing in this matter.   R. 51-104.   Claimant's representative asked Claimant a series of questions about his position at the Census Bureau.   R. 61-63.   Claimant testified he worked as a "team leader" for the Census Bureau for "a little bit over a year" between 2010 and 2011.   R. 61.   Claimant then proceeded to testify about the responsibilities of the position, resulting in the following colloquy:

---

[1] The RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

Q:  Okay.  And what - - you said you were a team leader.  What exactly were - - what were your responsibilities?

A:  My responsibilities were I would assign - - I think I had seven people that I would assign areas to do the - - take the census interviews, and then I would receive the results of those.   And then I would take those, and I would drive them to Daytona.

Q:  Okay.  So did you have to go around door to door, or was it calling - -

A:  No.

Q:   - - people?

A:  No.   That wasn't my job.   My job was overseeing the people that were doing the door to door.   And so what I would do is I would go out and check up on them.   So when I wasn't receiving the results or handing out the assignments, I would drive out to one of the - - where the people were supposed to be and make sure that's what they were doing.

R. 61-62; *see also* R. 295.   Claimant never testified he was unable to perform any of the responsibilities of his position with the Census Bureau.   *See* R. 51-104.   The vocational expert (the "VE") subsequently testified Claimant worked as an office manager at the Census Bureau, pursuant to the Dictionary of Occupational Titles (the "DOT"), number 169.167-034.   R. 93-94. The VE testified Claimant's work as an office manager qualified as past relevant work, R. 92-93, and neither Claimant nor his representative contested that conclusion at the hearing, *see* R. 51-104. In response to the applicable hypothetical question, the VE testified Claimant would be able to perform his past relevant work as an office manager as he actually performed it and as it is generally performed in the national economy.   R. 97-98.   At step four of the sequential evaluation process, the ALJ found Claimant has an RFC to perform light work with additional limitations, and, in light of the VE's testimony, he is able to perform his past relevant work as an office manager as he actually performed it and as it is generally performed in the national economy.   R.

35, 41.

Claimant argues his work as an office manager does not qualify as past relevant work because the evidence of record demonstrates he did not perform the job long enough to learn it. Doc. No. 21 at 4-5.   The duration requirement for past relevant work "refers to the length of time during which the person gained job experience.   It should have been sufficient for the worker to have learned the techniques, acquired information, and developed the facility needed for average performance in the job situation.   The length of time this would take depends on the nature and complexity of the work."   SSR 82-62, 1982 WL 31386, at *2 (1982).   The DOT lists a specific vocational preparation ("SVP") time for each occupation listed therein, which is "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation."   U.S. Dep't of Labor, Dictionary of Occupational Titles, Appendix C, § II (4th ed., rev. 1991).   The VE and DOT identify the office manager position as having an SVP of seven (7).   R. 93; U.S. Dep't of Labor, Dictionary of Occupational Titles, 169.167-034 (4th ed., rev. 1991).   An SVP of 7 corresponds to "[o]ver 2 years up to and including 4 years" of preparation.   U.S. Dep't of Labor, Dictionary of Occupational Titles, Appendix C, § II (4th ed., rev. 1991).   Claimant argues that since he only worked as an office manager for approximately ten (10) months he did not perform the job long enough to learn it.   Doc. No. 21 at 5.

Claimant has failed to carry his burden of showing he did not perform the job of office manager long enough to learn it.   *Barnes*, 932 F.2d at 1359.   At the hearing, Claimant testified he worked as an office manager with the Census Bureau for approximately one year.   R. 61.[2]

---

[2] The Court recognizes Claimant's testimony conflicts with his earlier Work History Report, in which he reported working at the Census Bureau for approximately ten (10) months.   For the reasons discussed below, this discrepancy is immaterial to the outcome of this appeal.

Claimant seizes upon this evidence, arguing that it clearly demonstrates he did not work at the job for two (2) or more years, and thus did not learn how to perform it.   Doc. No. 21 at 5.   The Court finds Claimant's argument unpersuasive.   The DOT indicates the timeframe associated with each SVP level is the amount of time a "<u>typical worker</u>" needs to learn the job.   U.S. Dep't of Labor, Dictionary of Occupational Titles, Appendix C, § II (4th ed., rev. 1991).   Therefore, the Court is persuaded the DOT does not mandate that the every worker needs to perform a particular job for the period of time associated with that job's SVP level in order to learn how to perform the job. After Claimant explained how long he worked at the Census Bureau, Claimant described the job's duties in detail, and never indicated he did not have enough time to adequately learn the job.   R. 61-63.   Further, the VE identified his work as an office manager as past relevant work, and neither Claimant nor his representative objected to this classification.   R. 92-94, 356.   The foregoing creates a strong inference that despite having worked at the Census Bureau for only one year, Claimant had adequately learned how to perform that job.[3]   Thus, the Court finds Claimant did not overcome his burden of showing he did not perform the job of office manager long enough to learn it.   *See Turner v. Comm'r of Soc. Sec.*, Case No. 2:13-cv-485-FtM-DNF, 2014 WL 4542975, at *4 (M.D. Fla. Sept. 12, 2014) (finding the ALJ did not err in determining claimant's work as a closer, which has an SVP of 7, constituted past relevant work, in part, because the VE identified that job as past relevant work and claimant "did not raise any argument that she did not learn the job during the 18 months that she performed it."); *see also Moad v. Massanari*, 260 F.3d 887, 891 (8th Cir. 2001) (finding the ALJ did not err in determining claimant's work as a general relief director, which has an SVP of 7, constituted past relevant work because despite having performed

---

[3] Although Claimant's representative asked which work experience justified the VE's determination that Claimant had past relevant work as an office manager and Claimant, the VE and the ALJ stated the basis was his work at the Census Bureau, the exhibit reflecting that finding by the VE was admitted into evidence without objection.   R. 94, 356.

that job on a part-time basis for only eighteen (18) months "there [was] no evidence suggesting [she] failed to learn her job as general relief director or did not competently perform any of her duties in that position.").

In addition, the Commissioner argues Claimant has the requisite SVP in light of his bachelor's degree in business administration, which the Social Security Administration's Program Operations Manual System ("POMS") equates to two (2) years of SVP, and the time he spent working at the Census Bureau.  Doc. No. 21 at 6-7.  The Court finds the Commissioner's argument persuasive.  As previously mentioned, Claimant obtained a bachelor's degree in business administration prior to working at the Census Bureau.  R. 60.  The POMS provides that "[i]f an individual has past work with a high SVP level, it may be appropriate to consider the length of the work, as well as the claimant's education when determining if [the] work was done long enough to be relevant."  POMS DI § 25001.001(B)(79).[4]  The POMS further provides that a four-year college degree is equivalent to two (2) years of SVP.  *Id*.  Although the POMS does not have the force of law, it can be persuasive.  *Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003).  The Court finds the POMS persuasive in this instance since Claimant's degree in business administration would prepare him for a job as an office manager.  Indeed, there is no evidence to the contrary.[5]  Thus, considering the significance of Claimant's degree and the time

---

[4] The Social Security Administration has promulgated the POMS as "publicly available operating instructions for processing Social Security claims."  *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 (2003).

[5] The Court recognizes Claimant obtained his degree in 1979.  R. 60.  The regulations provide the following with respect to education as a vocational factor:

> Formal education that you completed many years before your impairment began, or unused skills and knowledge that were a part of your formal education, may no longer be useful or meaningful in terms of your ability to work.  Therefore, the numerical grade level that you completed in school may not represent your actual educational abilities.  These may be higher or lower.  However, if there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities.

he worked as an office manager, Claimant had the requisite SVP to learn how to perform the job of office manager.  For all of these reasons, the Court finds substantial evidence supports the ALJ's determination that Claimant's work as an office manager is past relevant work. Accordingly, since Claimant was properly found capable of performing his past relevant work as an office manager, the ALJ properly determined Claimant is not disabled.  20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3).

In spite of the ALJ's step four finding, the ALJ went on to consider whether Claimant can perform other work in the national economy, finding that he could perform work as a telemarketer. R. 41.  Claimant raises several arguments contesting the ALJ's step five determination.  Doc. No. 21 at 8-10, 12-14, 16-18, 20-21.  However, these arguments are of no moment since the ALJ's finding at step four is supported by substantial evidence and results in a conclusion that Claimant is not disabled.  Therefore, any error at step five is irrelevant and, thus, the Court declines to consider those arguments.  *See Little Hope v. Comm'r of Soc. Sec.*, Case No. 6:09-cv-1654-Orl-28DAB, 2010 WL 5174493, at *5 (M.D. Fla. Nov. 1, 2010) (finding the ALJ did not error at step four, and, as a result, declining to address Claimant's assignments of error pertaining to the ALJ's alternative step five determination).

## III.  CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1.      The final decision of the Commissioner is **AFFIRMED**; and

---

20 C.F.R. §§ 404.1564(b); 416.964(b).   Accordingly, the passage of time <u>may</u> impact the significance one's education has in determining whether he or she is capable of performing his or her past work or other work in the national economy.  *Id*.  However, the Commissioner will consider a claimant's level of education regardless of the passage of time if there is no evidence suggesting the skills and knowledge gained from the claimant's education are no longer useful in terms of his or her ability to work.  *Id*.  Here, there is no evidence the skills and knowledge Claimant gained as a result of his education are no longer useful in determining his ability to perform jobs, such as an office manager. Therefore, the Court finds the timing of Claimant's degree to be of little moment.

2.      The Clerk is directed to enter judgment in favor of the Commissioner and to close

the case.

**DONE** and **ORDERED** in Orlando, Florida on July 19, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Stephen C. Calvarese
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224